IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

REGINALD T. GILBERTBEY                C.A. No. 05-69          FILED
        Plaintiff

                                                          '06 NOV 21 A10:57
        v.

UNITED STATES OF AMERICA, ET. AL                              CLERK
        Defendants                                       ... DCT COURT

### PLAINTIFFS' MOTION SEEKING LEAVE OF THE COURT
### TO AMEND AND/OR SUPPLEMENT COMPLAINT UNDER RULE 15 (d)

NOW COMES plaintiff, Reginald Thaddeus gilbertBey, seeking
permission and leave to either supplement or amend his original
complaint.  Declaring that due to conditions beyond his control
as a consequence of his imprisonment, and current handicaps (Both
physical and psychological.) he has been unable to complete such
amendments/supplements at this time.

Plaintiff has pending immediately before this honorable
court a motion seeking appointment of counsel, which he believes
is warrented and will provide justice and a means of fairness.

Plaintiff asseverates the following:

1.  Plaintiff is suffering from Post Traumatic Stress Disorder
(PTSD) as a result of years of hostile abuse, stress, psycholo-
gical anguish, and acts of retaliation by federal Bureau Of Pri-
sons (BOP) officials; such condition has been exaserbated by his
most recent horrendous experience at Federal Correctional Institu-
tion (FCI) Mckean.  Throughout his imprisonment it is a fact, that
he has been maliciously thrown in and held in Special Housing Un-
its (SHU), held in Maximum Security desensitizing intensive dis-
ciplinary programs (i.e. United States Penitentiary Marion) in
retaliation and discrimination due to his documenting, addressing
legitiment complaints through administrative remedies, and due

-1-

to the fact that he is Muslim, as well as of African-American ethnicity. Such corrupt overwhelmming cruelty all culminated with the unusually vicious abuse by BOP officials at FCI Mckean.

2. However plaintiff is currently involved in several cognizant-behaviorial programs offered here at the United States Peniten-tiary Allenwood (USP) through the Psychology department. Such needed therapy in order to address, and Lord willing recover from his ordeal at FCI Mckean, severely limits plaintiffs' time and ability to research and attempt to formulate a comprehensive listing of additional defendants/parties, factual allegations, issues of facts, causes of action, and request for warrented injunctive relief.

3. Specifically, one of plaintiffs' request for injunctive relief will be in the form of requesting a polygraph examina-tion regarding his claims of retaliation by FCI Mckean officials who falsely manufactured cause to abuse, throw him in SHU, sanc-tion him with disciplinary action, after "railroading" him through a "kangaroo court", and transferring him to a increased level of security.

4. Plaintiff currently suffers with anxiety attacks, insomnia, and other effects as a consequence of suffering PTSD whenever he attempts to address his complaints and perfect such too this court.

5. Plaintiff in seeking previous extensions of time to amend this complaint did not completely realize the overwhelmming effects of his PTSD. Also he did not realize that his religious mandates

-2-

would also limit (Conjunction with his theraputical programming
and security prison procedures.) his access to being able to com-
plete the filing of this action.  From approximately September
22, 2006 thru October 22, 2006 the Islamic (Lunar Calendar) month
of Ramadhan mandated that plaintiff must fast (Obstain from food
and drink, while increasing worship) from before sunrise to sun-
set.  During this period plaintiff was unable to attend the law
library during the evening periods, because he had to be in the
religious services department for worship and meals.

6.  Additionally, plaintiff could not forsee that he would be
disabled by a lower left leg cast for several weeks, and even up-
on the removal of such cast suffer immobility and pain, which
includes to date swelling and pain whenever he moves.  This injury
occurred in March 2006, however due to BOP medical officials in-
difference and neglect; from March until approximately July 2006
Physicians Assistant, Diane Inch, and other staff termed plain-
tiff injury as a "ankle sprang", which in fact was a achilles-
tendon rupture; discovered after he filed administrative remedy
complaints seeking treatment.  To date plaintiff suffering linger-
ing pain, swelling, and lack of complete mobility, and denial of
physical therapy and treatment follow-ups.

7.  Due to such physical injury, plaintiff has been unable to
earn any prison wages, consequently unable to afford postage
stamps, legal copies, typing supplies, writing implements (e.g
pencils, pens, stationary and other legal necessities.).

8. Also due to his financial indigency he has been unable to

-3-

purchase or pay the fees and cost of obtaining previously
filed documents too this court.  Consequently, he cannot correct
his errors, nor refer to such previosuly filed documents.  He
needs several documents filed with the court because of fear
that BOP officials would destroy such.

9.  Plaintiff continues to suffer ongoing substantial risk
of serious harm by exposure to Environmental Tobacco Smoke (ETS),
combined with the dibilitating effects of asbestos poisoning, and
the mendaciously corrupt manufacturing of disciplinary actions
in retaliation by FCI Mckean officials.

10. Plaintiff has not and does not ever intend on embarking
unon actions of engaging in undue delay or any motions, request
of bad faith.

11. However, plaintiff in frustration realizes that this
honorable Court can dismiss his complaint due to failure to amend,
correct defects, and timely adhere to the courts crders of sche-
duling.

12. Plaintiff realizes the possibility of dismissal.  Yet in
despair only intends to be foremost forthright and above-board
with his actions before this court.  Therefore, plaintiff pleads
with the court to take into consideration his motion for appoint-
ment of counsel, his response/reply to defendants motion to dis-
miss, or in the alternative, motion for summary judgement; as well
as foremost the fact that plaintiffs' current situation as a hor-
rendous consequence of filing administrative remedy complaints

-4-

federal tort claims, and this current civil action BOP
officials retaliation have severely traumatized him by their
actions.

13. Plaintiff has not suffered any major acts of retaliation
from BOP officials here at USP Allenwood, nor any disciplinary
problems to date since being transferred from FCI Mckean.

14. However given plaintiffs' horrendous experiences under the
corrupt authority of BOP officials employeed at FCI Mckean, and
other BOP institutions, such has taken a adverse toll on plain-
tiff.  Also it has been subtley been made clear to him at USP
Allenwood that he can and will be subject to such corrupt abuses
of authority and reprisal if he continues to file complaints.
And after approximately fourteen years plus, plaintiff rational-
ly believes that he files complaints concerning exposure to En-
vironmental Tobacco Smoke (ETS) given the fact that the federal
Bureau Of Prisons union is apposed to such banning of employees
using and possessing such products; given the fact that employees
at USP Allenwood openly parade through the housing units, use to-
bacco products throughout the general prisoner compound, plain-
tiff would suffer further retaliations.

15. Plaintiff heretoforth ardently hopes that this honorable court
grant his motion seeking appointment of counsel.  And if this
court denies such motion it will allow him sufficient time in
order to complete and attempt to perfect his complaint in adding
defendants, declaring and requesting the amount of compensatory,
and punitive damages, stipulating further causes cf action and

-5-

factual allegations, as well as request injunctive relief.

16. Plaintiff ask the court to consider the facts that with the countries primary holiday season fastly approaching, that prison officials will not operate, nor allow access to the law library arbitrarily due to staffing difficulties, and will generally close the law library on federally recognized holidays.

17. Plaintiff also ask that the court grant him a copy of **all** documents (i.e. Other prisoners ruffly drafted affidavits, etc.) previosuly submitted prior to being transferred from FCI Mckean, and all documents filed from plaintiff to the courts, so that he may combine and correct his errors and filings.

18. An example of the lack of notice, and arbitrariness of USP Allenwood prison officials closing the law library is being experienced immediately: it is Tuesday, November 14, 2006 at 2:24 PM and officials have announced that the law library and education department is closing at 2:30 PM without any advance notice, nor posting of such action.  Therefore, where plaintiff could, Lord willing, be able to complete this and post it by the 15th or on the 15th it will not be possible now.  So he will have to try tomorrow, and it will not be post-marked until November 16, 2006.

19. Plaintiff humbly ask the court to consider in fairness the fact that being imprisoned in a Penitentiary verses a lower security [i.e. FCI Mckean, which in fact denotes and infers an aspect of FCI Mckean officials retaliation for filing this civil matter, because said officials fabricated cause to transfer plaintiff to a greater security prison, so that he would be further hindered and detoured from continuing to file administrative remedies and this civil action] prison his access to legal materials and time to attempt to perfect this civil action.

-6-

20. Plaintiff hereby seeks in alternative and in lieu of this court's consideration of his motion for appointment of counsel, leave of the court to amend and/or supplement this complaint until February 2, 2007.

21. Plaintiff again re-interates his request for the court to grant him copies of all documents forwarded to the court; due to the fact that such documents have been removed from his property prior too and during his transfer from FCI Mckean to USP Allenwood.

Respectfully submitted this 15th day of November 2006.

Pursuant to 28 USC §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 15, 2006.

Reginald T. gilbertBey
Reg. No. 03854-078
United States Penitentiary Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887

file

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the parties a copy of the foregoing document by first class United States mail in a properly addressed envelope with adequate postage thereon. And in conjunction with the "mail box rule" of tendering such document(s) (In conjunction with those additionally encolsed for opposing parties counsel.) to prison authorities this day hereby invoke such precedence in forwarding this document to the court. The Clerk of the court, and individuals served are:

Clerk of the Court
Western District of Pennsylvania
P.O. Box 1820
Erie, Pennsylvania 16507

Jessica Lieber Smolar
Assistant U.S. Attorney
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, Pa. 15219

This 15th day of November, 2006.

Reginald T. gilbertBey
Reg. No. 03854-078
United States Peniteniary Allenwood
P.O. Box 3000
White Deer, Pa. 17887

file

-8-

CLERK OF THE COURT
WESTERN DISTRICT OF PENNSYLVANIA
P.O. Box 1820
Erie, Pennsylvania 16507

15 November 2006

> **Re**: **Please see enclosure, request that motion be filed**
> **in conjunction with previous ones.**

Dear Clerk:

Please, file the enclosed motion in conjunction with those
forwarded too your court on 14th November, 2006; according to
the "mail box rule" concerning forwarding such legal documents
by tendering such to prison officials on this day of 15th of
November 2006.

I had previously mentioned this enclosed motion in reference
in the missive dated "13 November 2006".

In advance, I thank you very much for your assistance.

Amiably Yours;

Reginald T. gilbertBey
Reg. No. 03854-078
United States Penitentiary Allenwood
P.O. Box 3000
White Deer, Pa. 17887

file