IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD T. GILBERTBEY** ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| v. ) | **C.A. No. 05-69 Erie** |
| ) | |
| ) | **District Judge McLaughlin** |
| **UNITED STATES OF AMERICA, et al.,** ) | **Magistrate Judge Baxter** |
| **Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or alternatively for summary judgment [Document # 27] be granted.

**II.    REPORT**

    **A.     Procedural History**

On May 16, 2005, Plaintiff, a federal inmate formerly incarcerated at FCI-McKean[1] in Bradford, Pennsylvania, filed the instant civil rights action.  Named as Defendants are: the United States of America, Department of Justice, Federal Bureau of Prisons, and FCI-McKean. In his amended complaint, Plaintiff alleges that while he was on a hunger strike, he was placed in the Special Housing Unit, threatened with force feeding and his access to water was controlled.  As relief, Plaintiff seeks only injunctive relief in the form of an order from this Court directing that any force feeding be videotaped and not be done though his nasal passage, free copies of his Central file, a stay of all disciplinary charges (presumably involving the hunger

---

[1] Although Plaintiff filed the instant action while he was incarcerated at FCI McKean, he has since been transferred to another federal institution.

strike) and an immediate transfer to FMC Lexington.

Defendants have filed a motion to dismiss or in the alternative, for summary judgment. Plaintiff has filed a opposition to the pending motion.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v.

Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3. Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential

fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

    **C.**    **Mootness**

Plaintiff voluntarily ended his hunger strike on June 9, 2005 and was transferred to USP Allenwood, a federal institution outside of this district, on December 16, 2005. Plaintiff's claims for injunctive relief relating to actions involving FCI McKean have become moot.

The general principle of mootness derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a

personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. at 477.  See also Maleng v. Cook, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted).  Once a controversy ceases to exist, the court must dismiss the case for lack of jurisdiction.  United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002) citing Lewis, 494 U.S. at 477-78.

In the prison context, the transfer of an inmate from the facility complained of moots claims for injunctive relief involving that facility.  See Abdul-Akbar v. Watson, 4 F.3d 195 (3d Cir. 1993); Sutton v. Rasheed, 323 F.3d 236 (3d Cir. 2003).  Accordingly, the motion to dismiss should be granted.

**III.   CONCLUSION**

It is respectfully recommended that the motion to dismiss or alternatively for summary judgment [Document # 27] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: December 13, 2006